UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

VIRGIL VADUVA,

    Plaintiff,

vs.

CITY OF XENIA, OHIO, *et al.*,

    Defendants.

Case No. 3:17-cv-41

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT CAUPP'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. 12) BE GRANTED; (2) THE MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS FILED BY DEFENDANTS THE CITY OF XENIA, ENGLE, LONG, SMITH, MILLS, BAYLESS, OSBURN, AND PAZYNSKI BE GRANTED (DOC. 13); (3) PLAINTIFF'S OFFICIAL CAPACITY CLAIMS BE DISMISSED; AND (4) THAT THIS CASE REMAIN PENDING WITH REGARD TO CLAIMS AGAINST THE CITY**

---

This civil case is before the Court on: (1) the motion for judgment on the pleadings filed by Defendant John Caupp (doc. 12),[2] to which Plaintiff filed a memorandum in opposition (doc. 18) and Caupp filed a reply (doc. 20); and (2) the motion for judgment on the pleadings filed by Defendants the City of Xenia, Michael Engle, Joshua Long, Wesley Smith, Jeanne Mills, Marsha Bayless, Jeffrey Osburn, and David Pazynski (doc. 13),[3] to which Plaintiff filed a memorandum in opposition (doc. 19) and Defendants file a reply (doc. 21). The Court has carefully considered all of the foregoing, and Defendants' motions are now ripe for decision.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] While Defendant Caupp captions his motion as a motion to dismiss, it is technically a motion for judgment on the pleadings because it was filed after the answer was filed, *i.e.*, "[a]fter the pleadings [were] closed." Fed. R. Civ. P. 12(c).

[3] As noted, *infra*, this motion does not address claims asserted against the City and, therefore, the undersigned construes such motion as one seeking partial judgment on the pleadings.

# I.

Plaintiff Virgil Vaduva ("Vaduva"), through counsel, brings this civil action against a number of officials and employees of the City of Xenia, Ohio ("the City"). Doc. 1 at PageID 1-9. The facts set forth herein include the allegations plead by Vaduva viewed in the light most favorable to him, as well as matters of public record. *See infra*.

At the time relevant to the claims in this case, Defendants Michael Engle, Joshua Long, John Caupp, Wesley Smith and Jeanne Mills were all members of the Xenia City Council; Defendant Marsha Bayless was Xenia's Mayor; and Defendants Jeff Osburn and Dave Pazynski were employees of the Xenia Police Department. *Id*. at PageID 4-5. In June 2013, via the actions of Defendants Engle, Long, Caupp, Smith, Mills and Bayless, the City passed an ordinance -- Xenia Codified Ordinance ("XCO") § 648.12 -- restricting panhandling within the City to limited areas. Doc. 1 at PageID 5.

In February 2015, Vaduva was collecting donations for charity outside of Xenia City Hall and was cited for violating XCO § 648.12(b)(13). *See id*. at PageID 5-6; *see also State v. Vaduva*, 66 N.E.3d 212, 214 (Ohio Ct. App. 2016). Notably, XCO § 648.12(b)(13) states "[n]o person shall solicit for panhandling . . . [w]ithin 20 feet of the entrance or exit of any public facility[.]" *Vaduva*, 66 N.E.2d at 217. Panhandling is defined as "requesting, either verbally, in writing, or by gesture or other actions, money, items of value, donation, or other personal financial assistance." XCO § 604.01; *see also Vaduva*, 66 N.E.2d at 217. Defendants Osburn and Pazynski issued the panhandling citation. Doc. 1 at PageID 6.

Following issuance of the citation, Vaduva challenged the ordinance and the citation in Xenia Municipal Court as violative of his First and Fourteenth Amendment rights. *Id*. at PageID 6. Vaduva's challenges were unsuccessful, and he was ultimately found guilty after trial and

sentenced for panhandling in March 2015. *Id*. On appeal to the Ohio Second District Court of Appeals, Vaduva's conviction was reversed and the case remanded for a new trial. *Vaduva*, 66 N.E.3d at 223.[4] On remand, the case was dismissed by the prosecution. Doc. 1 at PageID 7.

Vaduva now brings this action against Defendants alleging a violation of his First and Fourteenth Amendment rights, as well as a claim alleging a conspiracy to violate his rights. *Id*. at PageID 7. In addition to asserting his constitutional claims under 42 U.S.C. § 1983, Vaduva also purports to assert conspiracy claims under 42 U.S.C. §§ 1985(c) and 1986.

## II.

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal for "failure to state a claim upon which relief can be granted." The standard for reviewing a Rule 12(c) motion for judgment on the pleadings is the same standard employed for reviewing a Rule 12(b)(6) motion to dismiss. *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

To show grounds for relief, Fed. R. Civ. P. 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (citing *Twombly*, 550 U.S. at 555). In determining a motion to dismiss, "courts 'are

---

[4] The Court declined to address Vaduva's constitutional challenge and, instead, reversed his conviction because the jury was not properly instructed on the definition of the term "panhandling" -- which the Court concluded "require[d] a request for money, items of value or a donation to be for the requestor's personal use." *Vaduva*, 66 N.E.2d at 220-23. Interestingly, however, Vaduva has no issue characterizing his conduct as panhandling in his complaint in this case. Doc. 1 at PageID 5 (stating that "Vaduva openly challenged the ordinance by panhandling in front of Xenia City Hall").

not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Further, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. In addition to well-pleaded allegations in the complaint, the Court may also consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," as well as documents attached to a defendant's motion to dismiss that are important to the plaintiff's claims or if referred to in the complaint. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *Composite Tech., L.L.C. v. Inoplast Composites S.A. de C.V.*, 925 F. Supp. 2d 868, 873 (S.D. Ohio 2013).

A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

### III.

Defendants Caupp, Engle, Long, Smith, Mills, and Bayless all seek dismissal of Vaduva's compliant on the basis that the claims asserted against them are barred by legislative and/or qualified immunity. Doc. 12 at PageID 49-54; doc. 13 at PageID 61-63. All individual Defendants argue that they are entitled to qualified immunity. Doc. 12 at PageID 54-57; doc. 13

at PageID 63-68. Additionally, Defendants argue that claims of civil conspiracy should be dismissed. The Court addresses each of these arguments in turn.

### A. Legislative Immunity

With regard to Defendants Caupp, Engle, Long, Smith, Mills and Bayless, the only allegations regarding their involvement in the issuance of a citation against Vaduva involves their legislative action in passing the panhandling ordinance. *See* doc. 1 at PageID 5. "[L]ocal legislators are protected by absolute immunity when they act in their legislative capacities." *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). Such immunity applies to a mayor and a city council where they are "acting in their legislative capacities in passing [an] ordinance." *Id*. Because the only allegations in the complaint regarding Defendants Caupp, Engle, Long, Smith, Mills and Bayless concern their act of having "passed and signed into effect Ordinance Number 13-31, which created XCO § 648.12[,]" these Defendants are all immune from liability for such claims against them in their individual capacities. As a result, such claims should be dismissed.

### B. Civil Conspiracy

Vaduva also purports to assert conspiracy claims under 42 U.S.C. §§ 1983, 1985(3) and 1986. Doc. 1 at PageID 7-8.[5] As stated by the Sixth Circuit:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the

---

[5] Claims under § 1985(3) require that "[t]he acts which are alleged to have deprived the plaintiff of equal protection must be the result of class-based discrimination." *Vakilian v. Shaw*, 335 F.3d 509, 518 (6th Cir. 2003) (citation omitted). The language of § 1986 "makes actionable the failure to prevent 'any of the wrongs conspired to be done' under § 1985[,]" and therefore, "[a] § 1986 claim is 'dependent upon the existence of a valid § 1985 cause of action.'" *Irons v. City of Bolivar*, 897 F. Supp.2d 665, 670 (W.D. Tenn. 2012) (citing *Jaco v. Bloechle*, 739 F.2d 239 (6th Cir.1984)). Vaduva alleges no class-based discrimination and omits any argument regarding such claims from his memoranda. Asserting membership in a class of one is not a sufficient basis to assert the special protection afforded by 42 U.S.C. § 1985(3). *Royal Oak Entm't, LLC v. City of Royal Oak, Mich.*, 205 F. App'x 389, 399 (6th Cir. 2006). Accordingly, Vaduva's claims under §§ 1985(3) and 1986 should be dismissed.

> participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "[P]leading requirements governing civil conspiracies are relatively strict" and, therefore, such "claims must be pled with some degree of specificity[.]" *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008). "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state . . . a [civil conspiracy] claim under § 1983." *Id*.

Here, the allegations are not sufficiently specific to support a claim of civil conspiracy under § 1983 against any Defendant. In addition to the lack of factual allegations of a conspiracy, Vadvua's conspiracy claims against Defendants -- all of whom, at the time of the alleged deprivation of constitutional rights, were acting within the scope of their official duties with the City -- are barred by the "intra-corporate conspiracy" doctrine, which the Sixth Circuit has applied to civil rights cases. *See Hull v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Educ.*, 926 F.2d 505, 509-10 (6th Cir. 1991); *see also Upton v. City of Royal Oak*, 492 F. App'x 492, 507 (6th Cir. 2012). Pursuant to such doctrine, individuals working on behalf of the same entity cannot form a conspiracy, which requires an agreement amongst two or more persons or entities. *Id*.

Based on the foregoing, Vaduva's conspiracy claims should be dismissed.

### C. Qualified Immunity

Individual state actors are entitled to qualified immunity with regard to §1983 claims unless the allegations, "when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Aldini v. Johnson*, 609 F.3d 858, 863 (6th Cir. 2010); *Harlow v. Fitzgerald*,

457 U.S. 800, 818 (1982). A right is "clearly established" when "existing precedent . . . placed the statutory or constitutional question beyond debate." *City & Cty. of San Francisco, Calif. v. Sheehan*, --- U.S. ---, 135 S. Ct. 1765, 1774 (2015) (citing *al-Kidd*, 563 U.S. at 741). At issue at this stage of the litigation is whether -- assuming *arguendo*, that Vaduva's rights were violated -- such rights were "clearly established" at the time of the purported violation.

Vaduva cites the Sixth Circuit case of *Speet v. Schuette*, 726 F.3d 867, 880 (2013) for the proposition that his right to panhandle is clearly established. *See* doc. 1 at PageID 5. The issue in *Speet* concerned a "Michigan anti-begging statue" that "criminalize[d] begging" and stated that "[a] person is a disorderly person if the person is . . . found begging in a public place." *Speet*, 726 F.3d at 870. The ordinance at issue here, however, is much less broad than the statute at issue in *Speet* in that -- at least with regard to Vaduva's actions -- the Xenia City Ordinance prohibits the solicitation of money (or other items of value) within 20 feet of the entrance or exit of a public facility. *See* XCO § 648.12(b)(13). Accordingly, the general holding of *Speet* is not dispositive of the issue of whether or not the right at issue here is clearly established. *See Mullenix v. Luna*, --- U.S. ---, 136 S. Ct. 305, 308 (2015) (stating that "[t]he dispositive question is 'whether the violative nature of particular conduct is clearly established'"; an inquiry that "must be undertaken in light of the specific context of the case, not as a broad general proposition").

As noted by the Court in *Speet*, "[s]oliciting financial support is undoubtedly subject to reasonable regulation[.]" *Speet*, 726 F.3d at 880; *see also Dickey v. Charter Twp. of Canton*, No. CV 16-10118, 2017 WL 3765787, at *6 n.7 (E.D. Mich. July 24, 2017), *report and recommendation adopted*, No. 16-10118, 2017 WL 3727237 (E.D. Mich. Aug. 30, 2017) (stating that the holding in *Speet* "hardly means that a state or municipality may not enact any ordinances

regulating solicitation"). Thus, while Vaduva cites authority clearly establishing the unconstitutionality of an outright ban on panhandling on public premises, he cites no authority -- and the Court has found none -- "which would have put [Defendants] on notice that anti-solicitation provisions like the ones at issue are unconstitutional." *See Dickey*, 2017 WL 3765787, at *6 n.7; *cf. Petrello v. City of Manchester*, No. 16-CV-008-LM, 2017 WL 1080932, at *6 (D.N.H. Mar. 21, 2017). Accordingly, the undersigned finds that the individual Defendants are entitled to qualified immunity on Vaduva's constitutional claims.

### D. Municipal and Official Capacity Claims

A claim against the individual Defendants in their official capacities is essentially, a claim against the City of Xenia itself, and "is not a suit against the official personally, for the real party in interest is the entity." *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). All of the arguments advanced by Defendants in their motions -- *i.e.*, defenses of legislative and qualified immunity -- do not apply to government entities, including official capacity claims. *See United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 484 (6th Cir. 2014) (stating that "qualified immunity [is] a defense available only to individual government officials sued in their personal capacity" and is "not an available defense in an official capacity suit" or "to the public entity itself").

Absent specific argument by Defendants regarding Vaduva's official capacity claims or claims against the City itself,[6] such claims should remain pending following disposition of Defendants' motions. Because the City is a named Defendant in this case, and because Vaduva's

---

[6] Vaduva appears to assert a claim against the City pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978), *i.e.*, that he was injured by execution of XCO § 648.12, which is a City policy or custom made by its lawmakers. *See* doc. 1 at PageID 5-7. Vaduva also seeks to have XCO § 648.12 declared unconstitutional on its face and as applied. *See id*. at PageID 5-9. The City did not address Vaduva's claims in this regard in its motion and, therefore, these claims are the only claims that would remain pending should this Report and Recommendation be adopted in its entirety.

official capacity claims are duplicative of the claims against the City, Vaduva's official capacity claims should be dismissed. *Brooks v. Skinner*, 139 F. Supp. 3d 869, 890 (S.D. Ohio 2015) (stating that "when a § 1983 complaint asserts a claim against a government entity and a government official in her [or his] official capacity, federal courts will dismiss the official-capacity claim").

**IV.**

Based on the foregoing, the Court **RECOMMENDS** that: (1) Defendant Caupp's motion for judgment on the pleadings (doc. 12) be **GRANTED**; (2) the motion for partial judgment on the pleadings filed by Defendants the City of Xenia, Michael Engle, Joshua Long, Wesley Smith, Jeanne Mills, Marsha Bayless, Jeffrey Osburn, and David Pazynski (doc. 13) be **GRANTED**; and (3) Plaintiff's official capacity claims be **DISMISSED**, but this case remain pending with regard to his claims against the City of Xenia. *See supra*, n.6.

Date: October 23, 2017  s/ Michael J. Newman
Michael J. Newman
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).